IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PLUMBERS & PIPEFITTERS LOCAL 625, et al.,

    Plaintiffs,

v.    CIVIL ACTION NO. 2:18-cv-01097

NITRO CONSTRUCTION SERVICES, INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

I. Introduction

Pending before the court is Third-Party Defendants Edward D'Aquila, Gary Yarnell, Michael Rhodes, Don Wagenheim, Steve Ellis, and Michael Romine's Motion to Dismiss Third-Party Complaint [ECF No. 15]. For the reasons that follow, the Motion is **GRANTED**.

II. Background

The plaintiffs in this action are the West Virginia Pipe Trades Health and Welfare Fund ("Fund") and three local unions: Plumbers & Pipefitters Local 625, 565, and 83. The Fund is a multiemployer health and welfare fund established and maintained under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* The Fund was established to provide funding for health and welfare benefits for eligible employees of employers who have entered into collective

bargaining agreements or participation agreements with the local unions. By entering into such agreements, participating employers agree to make periodic contributions to the Fund with respect to workers of the local unions who work for the participating employers.

Defendant and Third-Party Plaintiff Nitro Construction Services, Inc. ("Nitro") is a participating employer in the Fund and submits contributions to the Fund with respect to workers of the local unions who perform work for it. The Fund is administered by a board of trustees, currently comprised of Third-Party Defendants Edward D'Aquila, Gary Yarnell, Michael Rhodes, Don Wagenheim, Steve Ellis, and Michael Romine ("Trustees").

The plaintiffs brought this action against Nitro alleging that Nitro was late in making certain contributions by the contractually mandated due date. Although the principal amounts have been paid, the plaintiffs seek to recover liquidated damages, interest, and attorneys' fees and costs. Compl. ¶¶ 1–4 [ECF No. 1].

Nitro answered the plaintiffs' complaint and filed a third-party complaint ("Nitro's Third-Party Complaint") against the Trustees. Nitro's Third-Party Complaint contains five counts: Count One alleges a breach of fiduciary duties under ERISA § 502(a)(3); Count Two seeks a declaratory judgment against the Trustees pursuant to 28 U.S.C. § 2201; Count Three alleges, in the alternative, a breach of contract under federal common law; Count Four alleges, in the alternative, a breach

2

of fiduciary duty under federal common law; and Count Five alleges equitable estoppel.

Nitro's Third-Party Complaint seeks specific relief. Nitro asks the court to "remove the Trustees from their position due to the breaches of fiduciary duty that have transpired." Third-Party Compl. ¶¶ 73, 115. Nitro seeks a declaratory judgment against the Trustees, "declaring that the Trustees cannot assess the liquidated damages, penalties and interest against Nitro." *Id.* ¶ 99. Nitro also "seeks discovery into how late contributions submitted to the Fund by other participating employers were submitted" and whether those employers "were penalized or had legal action taken against them." *Id.* ¶ 74. Finally, Nitro seeks to recover "reasonable attorneys' fees under ERISA, reasonable expenses, pre-judgment and post-judgment interest, and costs," together with "such other equitable relief as is just and proper." *Id.*

In support of their Motion to Dismiss Third-Party Complaint [ECF No. 15], the Trustees argue, first, that Nitro's third-party claims fail to meet the requirements of Federal Rule of Civil Procedure 14(a). Despite the title of the Trustees' Motion, the court construes the Trustees' Motion to Dismiss as a motion to strike Nitro's Third-Party Complaint under Rule 14(a)(4) with respect to the Trustees' arguments concerning the propriety of Nitro's Third-Party Complaint under Rule 14.[1] *See AIG Europe Ltd. v. Gen. Sys., Inc.*, No. RDB-13-0216, 2013 WL 6654382, at *2 n.5 (D. Md. Dec. 16, 2013) (noting that any party may move to strike a third-party claim that "has

---

[1] The Trustees cite to Rule 14(a)(4), under which "[a]ny party may move to strike the third-party claim." Fed. R. Civ. P. 14(a)(4).

3

been improperly brought" under Rule 14(a)(4) and construing the third-party defendant's motion to dismiss third-party complaint as a motion to strike with respect to its arguments concerning the propriety of the third-party complaint). The Trustees also contend that Nitro's Third-Party Complaint fails to state any claim on which relief may be granted and move to dismiss under Rule 12(b)(6). Because the court finds Nitro's Third-Party Complaint does not meet the requirements of Rule 14(a)(1), the court does not address whether Nitro's Third-Party Complaint sets forth a claim upon which relief can be granted.

III. Legal Standard

Rule 14(a) governs the process by which a defendant may assert claims against parties not yet joined to the action. Rule 14(a)(1) states that

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). If a third-party claim has been improperly brought, "[a]ny party may move to strike [it]." Fed. R. Civ. P. 14(a)(4); *see AIG*, 2013 WL 6654382, at *2.

"A third-party complaint filed pursuant to Rule 14(a) must be based upon a theory of derivative or secondary liability." *Christian v. Bank of N.Y. Trust Co.*, No. 3:09-0770, 2010 WL 2465478, at *2 (S.D. W. Va. June 14, 2010); *see Scott v. PPG Industr., Inc.*, No. 89-2362, 1990 WL 200655, at *3 (4th Cir. Dec. 13, 1990)

4

(unpublished) (holding that it is insufficient that the third-party claim is a related claim and that the third-party claim must be derivatively based on the original plaintiff's claim).

> Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part (one-half, if a joint tortfeasor) of anything I must pay plaintiff.

*Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assoc., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987). In short, "[t]he crucial characteristic of a Rule 14 claim is that the defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1446 (3d ed.). "It is axiomatic that Rule 14 does not contemplate the institution of a new cause of action against the third-party defendant." *APC First, LLC v. T.H.T., Inc.*, No. 2:02-0942, 2006 WL 8438394, at *4 (S.D. W. Va. 2006).

IV. Discussion

The court finds that Nitro's Third-Party Complaint fails to comply with Rule 14(a). Despite Nitro's contentions, its claims are not derivative of the plaintiffs' claims.

The plaintiffs in this litigation seek liquidated damages, interest, and attorneys' fees and costs. Compl. ¶¶ 1–4. Notably, Nitro's Third-Party Complaint lacks any allegation that the Trustees are or may be liable to it for all or part of the

5

plaintiffs' claims. Instead, Nitro seeks to remove the Trustees from their positions and to recover *its own* attorneys' fees and costs. Nitro also seeks a declaratory judgment against the Trustees and additional discovery. Nitro is not attempting to transfer to the Trustees the liability asserted against Nitro by the original plaintiffs, as required by Rule 14(a). *See APC First*, 2006 WL 8438394, at *4 ("The purpose of raising claims under Rule 14 is to transfer to the third-party defendant liability asserted against him by the original plaintiff."). Rule 14 does not permit the new causes of action asserted in Nitro's Third-Party Complaint. *See id.*

In response, Nitro relies on *Trustees of The Sheet Metal Workers' Local Union No. 80 Pension Trust Fund v. W.G. Heating & Cooling*, 555 F. Supp. 2d 838 (E.D. Mich. 2008), for the proposition that a third-party complaint is appropriate under Rule 14 when a defendant claims that its liability was the fault of reliance on the third-party defendant. In *W.G. Heating*, the court held that the third-party complaint was proper under Rule 14 where the defendant alleged that its liability to the plaintiff was due to its reliance upon the third-party defendant's false representation. *Id.* at 849. Nitro's reliance on *W.G. Heating*, however, is misplaced.

Unlike this case, the relief sought by the defendant in *W.G. Heating* included "any monies that [are] awarded to Plaintiff in this matter." *Id.* The defendant in *W.G. Heating* also alleged in its third-party complaint that the damages it suffered in reliance on the third-party defendant included "withdrawal liability that may be awarded to Plaintiff in this matter." *Id.* The court held that the third-party complaint

6

complied with Rule 14 because the court found that the defendant's third-party complaint was "essentially a request for indemnification." *Id.* Such is not the case here.

Nitro's Third-Party Complaint does not seek relief for any monies awarded to the plaintiffs in this matter. The relief Nitro seeks is quite different: additional discovery, the removal of the Trustees from their positions, its own attorneys' fees, and a declaratory judgment against the Trustees. This is in no way a request for indemnification.

To be sure, Nitro's Third-Party Complaint alleges that its injuries are a result of the Trustees' breach of their fiduciary duties. Third-Party Compl. ¶ 71. Nitro's Third-Party Complaint alleges that what follows, however, is not indemnification, but rather a removal of the Trustees from their positions. *Id.* ¶ 73 ("Accordingly, Nitro Construction requests that this Court remove the Trustees from their position due to the breaches of fiduciary duty that have transpired."). None of Nitro's claims attempt to transfer the liability asserted against it by the original plaintiffs—the "crucial characteristic" of a Rule 14 claim. Wright & Miller, *supra*, § 1446; *see also Tetra Tech EC/Tesoro Joint Venture v. Sam Temples Masonry, Inc.*, No. 3:10-cv-1597-CMC, 2011 WL 1527066, at *2 (D.S.C. April 20, 2011) ("*only* derivative claims may be asserted under Rule 14") (emphasis added). It is insufficient that Nitro's third-party claims are merely related to the original plaintiffs' claims. *See Christian*, 2010 WL 2465478, at *2. Accordingly, Nitro's claims cannot be asserted in this action under Rule 14.

7

## V. Conclusion

For the foregoing reasons, the Third-Party Defendants' Motion to Dismiss Third-Party Complaint [ECF No. 15] (construed by the court as a motion to strike) is **GRANTED**. The court **STRIKES** Nitro's Third-Party Complaint [ECF No. 8] in its entirety.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 16, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE