# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

PLUMBERS & PIPEFITTERS LOCAL 625, et al.,

    Plaintiffs,

v.                                       CIVIL ACTION NO. 2:18-cv-01097

NITRO CONSTRUCTION SERVICES, INC.,

    Defendant.

## MEMORANDUM OPNION AND ORDER

Pending before the court is Defendant Nitro Construction Services, Inc.'s ("Nitro" or the "defendant"), Objection to Order Ruling on Discovery Motions (ECF No. 60) ("Objection"). For the reasons set forth below, the Objection is **overruled**.

**I. Background**

On August 5, 2019, the Honorable Dwane Tinsley, United States Magistrate Judge, entered an Order addressing all the pending discovery motions. (ECF No. 56). Magistrate Judge Tinsley granted in part and denied in part Plaintiffs Plumbers & Pipefitters Local 625, Plumbers & Steamfitters Local 685, Plumbers & Steamfitters Local 83, and West Virginia Pipe Trades Health & Welfare Fund's (the "Fund") (collectively, the "plaintiffs") Motion for Protective Order (ECF No. 26). Magistrate Judge Tinsley granted in part the plaintiffs' Motion for Protective Order insofar as the defendant may not notice the trustees' depositions without first reviewing the plaintiffs' responses to the defendant's written discovery requests. (ECF No. 56 at 2–3). Magistrate Judge Tinsley granted in part and denied in part the defendant's Motion to Compel (ECF No. 29), insofar as the plaintiffs are ordered to respond to Interrogatories Nos. 8 and 11 within thirty days

of the date of the Order. *Id.* at 3. However, Magistrate Judge Tinsley denied the defendant's request for reasonable expenses in making its motions to compel. *Id.* at 4–5. Magistrate Judge Tinsley also denied as moot the defendant's second and third motions to compel (ECF Nos. 37, 47). *Id.* at 1–2. Finally, Magistrate Judge Tinsley denied the defendant's motion to strike (ECF No. 36). *Id.* at 4.

The defendant objects to Magistrate Judge Tinsley's ruling on the plaintiffs' Motion for Protective Order, in so far as the order requires the defendant to review the plaintiffs' responses to the defendant's written discovery requests before it notices the depositions of the trustees. (ECF No. 60 at 6–10). The defendant additionally objects to Magistrate Judge Tinsley's denial of its request for reasonable expenses in making its motions to compel (ECF Nos. 29, 37, 47). *Id.* at 10–12.

**II. Standard of Review**

When a magistrate judge hears and determines a non-dispositive pretrial matter in a case, a party may object to that determination within ten days after being served with a copy of the decision. Fed. R. Civ. P. 72(a). The district judge in the case must consider timely objections and "may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Congressional Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, "the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Berman*, 325 F. Supp. 2d at 592.

**III. Discussion**

I will review the pending motion and petition for clear error. *See* 28 U.S.C. § 636(b)(1)(A). In the Objection to Magistrate Judge's Order, the defendant objects to two specific parts of Judge Tinsley's Order.

First, the defendant objects to the requirement that it review the plaintiffs' responses to discovery requests before the defendant notices the plaintiffs with depositions. ECF No. 56 at 6–10. I find that this requirement does not contain clear error. As a general rule, discovery is permitted in civil actions of "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, the Federal Rules of Civil Procedure do not support cumulative discovery and state that the court can limit discover where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Under Rule 26 of the Federal Rules of Civil Procedure, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses." Fed. R. Civ. P. 26(c). I find that Magistrate Judge Tinsley's decision was reasonable in light of the evidence—as reviewing the plaintiffs' discovery responses before noticing depositions would best prevent cumulative discovery and would better allow Magistrate Judge Tinsley to evaluate the need to take depositions in proportion to their burden and expense. I thus find that Magistrate Judge Tinsley's decision was not clearly erroneous.

Second, the defendant objects to Magistrate Judge Tinsley's denial of its requests for reasonable expenses spent on its motions to compel (ECF Nos. 29, 37, 47). (ECF No. 60 at 4). I find that Magistrate Judge Tinsley's denial does not contain clear error. Rule 37 of the Federal Rules of Civil Procedure mandates that:

> if the motion [to compel a discovery response] is granted… the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5). However, an award of expenses is not appropriate if "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* Here, defendant's first motion to compel (ECF No. 29) was granted in part and defendant's additional motions to compel (ECF Nos. 37 and 47) were denied as moot because the plaintiffs agreed to respond to some of the requests and because the defendant withdrew other requests (ECF No. 53 at 2–3). Magistrate Judge Tinsley gave two primary reasons for his decision to deny reasonable expenses. First, some of the defendant's affirmative defenses appear meritless. Although "discovery motions are not the appropriate battleground" for deciding the merit of defenses, that issue can factor into the decision to award or deny expenses under Rule 37. ECF No. 60 at 5. Second, it is difficult to calculate expenses because the defendant withdrew some requests and the plaintiffs properly responded to some requests. These reasons for denying expenses fall within the scope of the exceptions under Rule 37 of the Federal Rules of Civil Procedure. Therefore, the defendant's objection has not identified any clear errors in Magistrate Judge Tinsley's Order.

**IV. Conclusion**

Upon review of Magistrate Judge Tinsley's Order and the defendant's Objection, I **FIND** that Magistrate Judge Tinsley's Order was not clearly erroneous or contrary to law. Thus, I **OVERRULE** the defendant's Objection (ECF No. 60). The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 18, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE