```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**PLUMBERS & PIPEFITTERS LOCAL 625;**
**PLUMBERS & STEAMFITTERS LOCAL 565;**
**PLUMBERS & STEAMFITTERS LOCAL 83;**
**and WEST VIRGINIA PIPE TRADES**
**HEALTH AND WELFARE FUND,**

      **Plaintiffs,**

**v.**                                       **Civil Action No. 2:18-cv-01097**

**NITRO CONSTRUCTION SERVICES, INC.,**
**formerly known as Nitro Electric Company, Inc.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**Pending is the plaintiffs' motion for leave to amend to dismiss or withdraw the remaining portions of their claim in this case, filed September 30, 2020 (ECF No. 128).**

**By a September 24, 2020 memorandum opinion and order, the court granted in part summary judgment to the defendant and dismissed the plaintiffs' claim to the extent they seek liquidated damages and attorney's fees incurred in relation to collecting liquidated damages.  See ECF No. 127 at 43–44.  The remaining portions of the plaintiffs' claim are for interest and attorney's fees incurred in collecting interest, which, the parties agree, "are not sufficient in amount to justify the**

burden and expense of trial." ECF No. 129 at 1; see ECF No. 128 at 4; ECF No. 130 at 1. Further, the plaintiffs state they wish to appeal the court's summary-judgment ruling without the necessity of first proceeding through trial for the relatively small amount of interest and attorney's fees still at issue. See ECF No. 128 at 3-4.

The plaintiffs state that their motion is brought pursuant to the provisions of Fed. R. Civ. P. 15(a) regarding amendment of a complaint. See id. at 4-5. However, as the plaintiffs explain, "although 'Rule 15 is technically the proper vehicle to accomplish a partial dismissal,'" courts should assess the motion under the standards applied to motions to amend under Rule 15(a) and to motions to voluntarily dismiss actions under Fed. R. Civ. P. 41(a)(2). Id. at 4–5 (quoting Skinner v. First Am. Bank of Va., 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir. 1995) (unpublished table decision)); accord Bragg v. Robertson, 54 F. Supp. 2d 653, 660 (S.D.W. Va. 1999); cf. Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (applying both standards after noting it is unclear which Rule applies). In this context, under the Rule 15(a) standard, "[a] district court may properly deny leave in light of undue delay, bad faith, or prejudice to the opposing party." Skinner, 1995 WL 507264, at *2. Under the Rule 41(a)(2) standard, "a

district court must focus primarily on protecting the interests of the defendant, and the court may deny the motion if the defendant would be unfairly prejudiced." Id.

The plaintiffs assert that there is no indication of undue delay or bad faith on their part or any suggestion that the defendant will be prejudiced by amendment and dismissal. See ECF No. 128 at 6. The defendant does not contest these points, provided the dismissal is with prejudice, see infra, and agrees that dismissal should be permitted. See ECF No. 130 at 1. Accordingly, the court concludes that dismissal is appropriate under the governing standards.

The plaintiffs have stated that they "are willing to accept . . . dismissal with or without prejudice." ECF No. 128 at 6; see id. at 1, 4. The defendant argues that, in these circumstances, the dismissal should be with prejudice. See ECF No. 130 at 2 (citing Waugh Chapel S., LLC v. United Food & Com. Workers Union Local 27, 728 F.3d 354, 359 (4th Cir. 2013)). The court agrees that, in light of the plaintiffs' asserted desire to appeal from the summary-judgment ruling and their willingness to accept a dismissal with prejudice of their claim to the extent not covered by the summary-judgment ruling, the dismissal should be with prejudice. See Waugh Chapel, 728 F.3d at 359.

3

For the foregoing reasons, it is ORDERED that the plaintiffs' motion for leave to amend to dismiss the remaining portions of their claim be, and hereby is, granted. The remaining portions of the plaintiffs' complaint not covered by the court's summary-judgment ruling are dismissed with prejudice. All other pending motions are denied as moot.

Accordingly, this case is hereby dismissed with prejudice.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented party.

ENTER: October 1, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge